FILED
JAN - 6 2010
Clerk, U.S. District and
Bankruptcy Courts

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONALD RAY McCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **10 0026** |
| ) | |
| ERIC HOLDER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This matter is before the Court upon plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the complaint.

It appears that plaintiff brings this action under the two criminal statutes, 18 U.S.C. §§ 241 and 242. He alleges that the Attorney General and others have conspired to deprive him of his civil rights, particularly his liberty, by causing his indictment, conviction, and incarceration, and he demands monetary damages from each defendant for the harms he suffers because of his incarceration.

Plaintiff's claim will be dismissed for two reasons. First, there is no private right of action under the criminal statutes on which he relies. *See Keyter v. Bush*, No. 04-5324, 2005 WL 375623, at *1 (D.C. Cir. Feb 16, 2005) (per curiam) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), *cert. denied*, 546 U.S. 875 (2005); *Pope v. Thornburgh*, 978 F.2d 744 (D.C. Cir. 1992) (per curiam) (affirming dismissal of claims under 18 U.S.C. §§ 241, 242, 245 because no



3

private right of action exists under those statutes); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action").

Second, plaintiff does not demonstrate that he is entitled to damages in this civil rights action arising from his criminal conviction and resulting confinement. He may be awarded such damages only if he first establishes that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff does not satisfied the prerequisite and therefore fails to state a claim.

Accordingly, the Court will dismiss the complaint because it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order consistent with this Memorandum Opinion will be issued on this same date.

United States District Judge

DATE: 12/29/09